```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
In re:                                           :
                                                 :
       DAVID SCHICK,                             :        Chapter 11
                                                 :        Case No. 96-42902 (SMB)
                                                 :
                         Debtor.                 :
-------------------------------------------------X
HERSCHEL KULEFSKY,                               :
                                                 :
                         Plaintiff,              :
                                                 :
            - against -                          :        Adv. Pro. No. 01-08038
                                                 :
DAVID SCHICK,                                    :
                                                 :
                         Defendant.              :
-------------------------------------------------X
```

### MEMORANDUM DECISION AND ORDER DENYING
### MOTION TO SEAL CERTAIN DOCUMENTS

**A P P E A R A N C E S:**

HERSCHEL KULEFSKY, ESQ.
*Plaintiff Pro Se*
111 John Street, Suite 1910,
New York, NY 10038-3113

JACOBOWITZ NEWMAN TVERSKY LLP
*Attorneys for David Schick*
377 Pearsall Ave, Suite C
Cedarhurst, NY 11516

      Evan M. Newman, Esq.
        Of Counsel

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge:**

       The plaintiff Herschel Kulefsky commenced this adversary proceeding nearly

eighteen years ago seeking a determination that the debt owed by the debtor-defendant

David Schick was non-dischargeable under 11 U.S.C. 523(a)(2), (4) and (6).[1] The parties have informed the Court they reached a settlement, and Schick has now moved to seal portions of six previously filed documents claiming they are defamatory or scandalous within the meaning of 11 U.S.C. § 107(b)(2) and Federal Bankruptcy Rule 9018.[2] For the reasons that follow, the motion is denied.

## BACKGROUND

This adversary proceeding arises out of the Ponzi scheme, perpetrated by the Schick, which has been recounted in many prior decisions. *E.g., Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 277, 279 (2d Cir. 2006); *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 117–18 (2d Cir. 2003), *cert. denied* 540 U.S. 1012 (2003); *In re Venture Mortg. Fund, L.P.*, 282 F.3d 185, 186 (2d Cir. 2002); *Diller v. Schick*, No. 96 Civ. 4140 (AGS), 1998 WL 635539, at *1 (S.D.N.Y. Sept. 16, 1998); *Schmidt v. Fleet Bank*, Nos. 96 Civ.

---

[1]    According to the title of the *Complaint* and the first paragraph, Kulefsky also objected to Schick's general discharge. The allegations in the balance of the *Complaint* and the ad damnum clause, however, were limited to claims for relief under section 523.

[2]    Section 107 provides in relevant part as follows:

(a) Except as provided in subsections (b) and (c) and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.

(b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may-

. . . .

(2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

Rule 9018 provides in relevant part:

On motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code . . . .

Schick also invokes the inherent, equitable powers of the Court under 11 U.S.C. § 105(a), but a party cannot invoke section 105(a) to countermand a result called for by the specific provisions of the Bankruptcy Code. *Law v. Siegel*, 571 U.S. 415, 421 (2014).

5030(AGS), 1998 WL 47827, at *1–2 (S.D.N.Y. Feb. 4, 1998); *see also United States v. Schick*, No. 04-4762-cr, 2007 WL 4480666, at *1 (2d. Cir. Dec. 21, 2007) (describing Schick's guilty plea and sentencing). The background to this particular dispute is described in the Court's *Memorandum Decision and Order Denying Defendant's Motion to Vacate Stipulation and Order*, dated Aug. 3, 2004 ("*Kulefsky I*") (ECF Doc. # 13).[3]

Briefly, and according to the *Complaint*, dated Apr. 19, 2001 (ECF Doc. # 1), Kulefsky loaned Schick $400,000.00 to assist Schick in bidding for a mortgage pool through his affiliate, Venture Mortgage Fund L.P ("Venture"). (*Complaint* ¶ 10.) The parties' agreement provided, in pertinent part, that Schick would hold the $400,000.00 in escrow for a period of sixty days solely to demonstrate that Venture had access to capital and return the $400,000.00 to Kulefsky by the end of the escrow period, plus an additional $16,000.00. (*Id.*) The agreement also provided for the payment of default interest and late charges. (*Id.*) Schick orally assured Kulefsky that the loan would not be withdrawn, released to anyone or used for any other purpose. (*Id.* ¶ 11.) In reliance on the agreement and Schick's oral assurances, Kulefsky advanced $400,000.00. (*Id.* ¶ 12.)

The gravamen of Kulefsky's claim was that Schick lied about his intentions, (*id.* ¶ 15), withdrew the escrow within a day or two and used it for purposes other than those represented in the agreement and by Schick. (*Id.* ¶¶ 15–22.) Kulefsky further alleged that Schick "orchestrated and perpetuated an elaborate fraud and/or embarked upon a

---

[3] "ECF" refers to the electronic docket in this adversary proceeding.

'Ponzi' and/or other scheme," (*id.* ¶ 23), and that he "pled guilty to various felony charges alleging, among other things, fraud, conversion, embezzlement, larceny, misrepresentation, swindle and/or misappropriation, . . . admitted that he operated the fraudulent scheme and/or schemes alleged above and that the losses from his scheme and/or schemes exceeded $80,000.00[4] [and] is scheduled to be sentenced in July 2001." (*Id.* ¶ 24.)  The *Complaint* sought entry of a non-dischargeable money judgment. *Id.* pp. 10–11.)[5]

The parties failed to appear for a pre-trial conference, and as a result, the Court dismissed the adversary proceeding.  (*Order Dismissing Adversary Proceeding*, dated Aug. 28, 2001 (ECF Doc. # 3).)  The parties immediately stipulated to vacate the order of dismissal, and Schick consented to judgment in favor of Kulefsky, but the stipulation did not mention the amount of the judgment.  (*Stipulation & Order*, dated Aug. 29, 2001 (the "2001 Stipulation") (ECF Doc. # 4).)  After the dismissal order was vacated, Schick failed to answer the *Complaint*, but Kulefsky never asked the clerk to certify his default.  Instead, Kulefsky submitted a proposed judgment to the Court, (ECF Doc. # 7), but the Court declined to sign it because Kulefsky failed to file the notice of settlement, the proposed judgment or the affidavit of service.  (*Memorandum Endorsement and Order*, dated Oct. 29, 2002 (ECF Doc. # 8).)

Nothing further occurred until the Court scheduled a pre-trial conference over one year later.  (*Order Scheduling Pre-Trial Conference*, dated Dec. 3, 2003 (ECF Doc.

---

[4]   Kulefsky probably meant $80 million.  *See Lerner*, 318 F.3d at 118 (stating that Schick stole approximately $82 million from investors).

[5]   This particular scheme was not unique to Kulefsky.  *See, e.g.*, *Lerner*, 318 F.3d at 117–18; *Cassirer v. Herskowitz* (*In re Schick*), 234 B.R. 337, 340 (Bankr. S.D.N.Y. 1999).

4

# 9).) There is no record of what transpired at the conference, but shortly thereafter, Kulefsky noticed another non-dischargeable judgment in the sum of $917,502.77. (*Notice of Settlement*, dated Jan. 13, 2004 (ECF Doc. # 10).) Schick objected on or about March 15, 2004 and moved to vacate the 2001 Stipulation. (ECF Doc. # 11). In substance, Schick contended that he intended to consent to the entry of judgment for the principal debt (which he said had been reduced to $179,707.61) but not interest. (*Id.* at ECF p. 4, ¶ 6.)[6] Following a trial to resolve the ambiguity, the Court ruled that the 2001 Stipulation included interest, *Kulefsky I* at 9–10, declined to vacate the 2001 Stipulation, *id.* at 10–12, but limited interest on Kulefsky's fraud claim to the statutory 9% rate under New York's C.P.L.R. § 5004. *Id.* at 12–14. The Court ultimately concluded that Kulefsky was entitled to recover $400,000.00 as his out-of-pocket loss plus statutory interest from the date he delivered the $400,000.00 to Schick and directed the settlement of a judgment on notice. *Id.* at 14.

No one submitted a judgment, and the Court heard nothing further for fourteen years. In 2018, the clerk's office tagged this (and other) dormant cases for my attention. I issued an order stating that the adversary proceeding would be dismissed and closed for failure to prosecute unless an objection was filed by September 10, 2018, in which event the parties (presumably Kulefsky) were directed to show cause why it should remain open. (*Order to Show Cause*, dated Aug. 21, 2018 (ECF Doc. # 14).) In response, Kulefsky settled yet another proposed judgment, this time in the sum of

---

[6]     "ECF p." refers to the pagination imprinted at the top of each page of the document by the Court's CM/ECF system.

5

$589,029.07. (*See Notice of Settlement*, dated Sept. 7, 2018 (ECF Doc. # 16) and *Statement of Judgment*, dated Sept. 7, 2018 (ECF Doc. # 17).)

The Court's *Order to Show Cause* led to various submissions, and Schick now seeks to seal certain parts of those pleadings. The pleadings include Kulefsky's *Objection to Order to Show Cause*, dated Sept. 7, 2001 (ECF Doc. # 19), the proposed judgment in the sum of $590,683.31 (ECF Doc. # 22), the *Statement of Judgment,* dated Sept. 21, 2018 (ECF Doc. # 23), Schick's *Objection to DE # 22 and 26*, dated Oct. 11, 2018 (ECF Doc. # 28)[7] and his *Defendant's Objection to Plaintiff's Proposed Judgment and in Support of Order to Show Cause to Dismiss Adversary Proceeding*, filed Oct. 11, 2018 (ECF Doc. # 29) and Kulefsky's *Response to Defendant's Objection to Presentation of Judgment*, dated Nov. 13, 2018 (ECF Doc. # 32).

With the matter apparently settled, Schick has filed an *ex parte* application (the "Application") to seal portions of these six documents.[8] According to his attorney's *Declaration in Support of Debtor's Application for an Order to Seal Documents*, dated Jan. 4, 2019 ("*Beinhorn Declaration*"), the redacted portions contain scandalous and/or defamatory information; specifically, they include "gratuitous references to long ago legal issues, which were irrelevant at the time they were mentioned i.e. in 2018 – when the issue was simply a question of interest on a long-forsaken judgment." (*Beinhorn Declaration* ¶ 17.) I am informed that Kulefsky consents, (*id.* ¶ 19), although his consent is irrelevant for the reasons described immediately below.

---

[7] I assume "DE" refers to docket entries.

[8] Schick's counsel supplied copies of the redacted and unredacted documents.

**DISCUSSION**

There is a strong presumption and public policy in favor of public access to court records, *see, e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978); *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d. Cir. 1995), "rooted in the public's first amendment right to know about the administration of justice." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 26 (2d Cir. 1994) (stating that public access "helps safeguard 'the integrity, quality, and respect in our judicial system,' and permits the public 'to keep a watchful eye on the workings of public agencies'" (internal citations omitted)).  Bankruptcy Code § 107(a), which states that any paper filed in a case is a public record and open to examination, reinforces the general presumption in favor of public filing.  *Geltzer v. Andersen Worldwide, S.C.*, No. 05 Civ. 3339 (GEL), 2007 WL 273526, at *3 (S.D.N.Y. Jan. 30, 2007) (Lynch, J.).

Section 107(b)(2) contains an exception to prevent the public disclosure of "scandalous or defamatory matter."  "[P]rotection against 'defamatory matter' only applies for statements that are untrue, and that can be clearly shown to be untrue without the need for discovery or a mini-trial.  Section 107(a) creates a strong presumption that court records are public; only clear evidence of impropriety can overcome the presumption and justify protection under § 107(b)(2)."  *In re Food Mgmt. Grp., LLC,* 359 B.R. 543, 556 (Bankr. S.D.N.Y. 2007) (footnote omitted).  "'Scandalous' generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the

7

01-08038-smb    Doc 36    Filed 01/22/19    Entered 01/22/19 10:22:32    Main Document
Pg 8 of 9

court." 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 12.37[3] (3d ed. 2018).[9]

"[C]ourts will not strike scandalous statements that offend the sensibilities of the objecting party if the challenged allegations describe acts or events relevant to the action." *Food Mgmt. Grp.,* 359 B.R. at 558 (citation omitted). The sealing proponent has the burden of proving that he is entitled to the protection of section 107(b)(2). *Id.* at 561.

        Schick has failed to sustain his burden of proof. First, the pleadings he seeks to redact were submitted in response to the Court's *Order to Show Cause* and were relevant to that motion. For the most part, they describe Kulefsky's reasons for waiting fourteen years to submit a proposed judgment, including the delay resulting from Schick's imprisonment for several years, his expressed willingness to make payment, his actual commencement of payments and his eventual reneging. Schick has not pointed to any untrue statements or identified any scandalous statements; he simply wants to bury past events which have been described in numerous decisions and pleadings in this adversary proceeding, such as the *Complaint*, and have been a matter of public record for two decades.

        Second, two of the six pleadings were submitted by Schick. He has failed to explain why he would file scandalous, defamatory, irrelevant information about himself, or wait several months before seeking to seal the information. For that matter, he has

---

[9]     Courts interpreting § 107(b)(2) "have considered FED. R. CIV. P. 12(f) which permits a court to strike from the pleadings material that is redundant, immaterial, impertinent, or scandalous." *Food Mgmt. Grp.*, 359 B.R. at 557–558.

8

not identified a reason for ignoring for so long the scandalous and/or defamatory information allegedly incorporated into the submissions by Kulefsky.

Third, two of the six pleadings, the proposed judgment and statement of judgment (ECF Doc. ## 22 and 23, respectively), are virtually identical to an earlier proposed judgment (ECF Doc. # 16) and statement of judgment (ECF Doc. # 17) which he does not seek to seal.[10]  Nor is there anything remotely scandalous about a proposed money judgment or a statement of judgment.

In short, Schick has failed to overcome the presumption that these records should remain open to the public.  He would like to put these "long-ago" events behind him and away from public view, but the pleadings do no more than further document well-documented events.  Accordingly, his motion to seal is denied.

So ordered.

Dated:   New York, New York
            January 22, 2019

                                                                        /s/ *Stuart M. Bernstein*
                                                                    STUART M. BERNSTEIN
                                                                    United States Bankruptcy Judge

---

[10]  The proposed judgment was also docketed as part of ECF Doc. #26-1.

9